**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-30785
Summary Calendar
_____


TONY B. ALEXANDER,

Plaintiff-Appellant,

VERSUS


CHARLES CRENSHAW, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF
THE LAFAYETTE CITY POLICE DEPARTMENT, LAFAYETTE CITY POLICE
DEPARTMENT, AND CITY OF LAFAYETTE,

Defendants-Appellees.


_____

Appeal from the United States District Court
For the Western District of Louisiana
(95-CV-1735)
_____
April 1, 1998
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

The district court granted summary judgment to the appellees in this case, concluding that the summary judgment evidence established that Appellant failed to file a timely charge of discrimination with the EEOC.

The appellees submitted evidence that the EEOC had no record that Alexander had filed a claim. This was sufficient to raise an inference that the Appellant had not filed a timely charge of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination with the EEOC. The only evidence the Appellant submitted in response was a letter from the EEOC which stated that the information Appellant had provided in a letter to the EEOC was insufficient for purposes of filing a charge of discrimination. The Appellant asserted that this EEOC letter established that he had in fact filed a charge.

Even if the EEOC response letter supported an inference that the Appellant had filed a charge of discrimination, there is no basis for a reasonable inference that such a charge was timely. Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997) (holding that in review of a grant of summary judgment, all reasonable inferences are to be drawn in favor of the nonmovant).

Appellant's deadline for filing a discrimination charge with the EEOC was in August of 1995. The EEOC's letter to Alexander was dated Oct. 31, 1995.[2] We agree with the district court that it is unreasonable to assume that the EEOC waited three months to notify the Appellant that his letter was insufficient. Moreover, the inference that Appellant timely filed his charge of discrimination is particularly unreasonable because it was within the Appellant's exclusive ability to establish the date of his alleged filing, and he offered no affidavit or other proper summary judgment evidence to establish this date.

We conclude that the district court correctly concluded that

---

[2] The EEOC's letter stated, "[t]he information you provided is not sufficient for filing a charge of discrimination. Additional information is needed before we can pursue this matter."

the summary judgment evidence established that Appellant failed to file a timely charge of discrimination with the EEOC.  We therefore affirm the district court's grant of summary judgment.

AFFIRMED.